## Bernhardt *v.* Bass, Appellant.

*Municipal Court—Actions—Transfer to Court of Common Pleas— Act of July 12, 1913, P. L. 711—Act of July 11, 1923, P. L. 1035*

An order of the Municipal Court of Philadelphia County transferring a case to the Court of Common Pleas, in accordance with authority of Section 10 of the Act of July 12, 1913, P. L. 711 as amended by the Act of July 11, 1923, P. L. 1035, is an interlocutory order from which no appeal lies.

The provisions of the Act of March 5, 1925, P. L. 23, permitting appeals on jurisdictional questions, do not apply where the appeal is not taken from the Court of first instance.  The Act is therefore not applicable to an appeal from an order discharging a rule in the Court of Common Pleas.

Argued March 15, 1927. · Appeal No. 111, October T., 1927, from by defendant order of C. P. No. 2, Philadelphia County, December T., 1926, No. 11545, in the case of Anton Bernhardt v. William B. Bass, Sr.  Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.  Appeal quashed.

Petition for rule to show cause why case should not be dismissed for want of jurisdiction.  Before STERN, P. J. and GORDON, J.

The facts are stated in the opinion of the Superior Court.

The Court discharged the rule.  Defendant appealed.

*Error assigned,* was the order of the Court.

*Geo. G. Parry,* of *White, Parry, Schnader & Maris,* for appellant.

*Rowland C. Evans,* of *Evans and Wernick,* for appellee.

OPINION BY GAWTHROP, J., April 22, 1927:

On February 7, 1925, plaintiff brought an action in trespass in the Municipal Court of Philadelphia County to recover damages in the sum of $2,500 for personal injuries sustained in an automobile collision on December 1, 1923. Service of the writ and notice to file an affidavit of defense was made on defendant on the same day. The Municipal Court had, as defendant concedes, jurisdiction of defendant and the cause of action for which suit was brought. On July 16, 1926, plaintiff entered a rule on defendant to show cause why the case should not be transferred to the Court of Common Pleas of the county. The petition set forth that since the institution of the suit and the filing of the statement of claim plaintiff discovered that the damages which he sustained in the collision were much greater than the sum of $2,500, and that, as the limit of the jurisdiction of the Municipal Court is $2,500, it was necessary that the case be transferred to the Court of Common Pleas in order that plaintiff might recover the full amount of damages to which he was entitled. The Municipal Court, after hearing, discharged the rule on July 26, 1926. On January 14, 1927, plaintiff filed a second petition for the transfer of the case to the Court of Common Pleas on the ground set forth in the original petition, and the Municipal Court made an order transferring the case to the Court of Common Pleas, the latter court having consented to the transfer. The order was made under the authority of Section 10 of the Act of July 12, 1913, P. L. 711, creating the Municipal Court, as amended by the Act of July 11, 1923, P. L. 1035, which provides, inter alia, as follows: "The said court shall also have authority, with the consent of the Court of Common Pleas, upon the application of the plaintiff, to transfer

to that court all suits wrongfully brought in the Municipal Court in excess of its jurisdiction.'' On January 15, 1927, a copy of the second petition and order was served on defendant's counsel who, on January 19, 1927, filed a petition in the Court of Common Pleas praying for a rule to show cause why the case should not be returned to the Municipal Court on the ground that the portion of Section 10 of the Act of 1923, above quoted, did not confer authority upon the Municipal Court to transfer a case to the Court of Common Pleas under the circumstances, and that, therefore, the Court of Common Pleas was without jurisdiction to hear and determine the cause. On January 26, 1927, the rule granted on said petition was discharged. On January 29th, defendant entered a rule on plaintiff in the Court of Common Pleas to show cause why the case should not be dismissed for want of jurisdiction. This rule was discharged February 11, 1927, and from that order this appeal is taken.

Appellant contends that the Court of Common Pleas acquired no jurisdiction over him or the cause of action because Section 10 of the Act of 1913, as amended by the Act of 1923, supra, conferred no authority on the Municipal Court to transfer the case to the Common Pleas, for the reason that the suit was not ''wrongfully brought in the Municipal Court in excess of its jurisdiction.''

Upon full consideration, we have decided that the question whether the Court of Common Pleas acquired jurisdiction is not properly here for review because the order complained of is interlocutory and no appeal lies therefrom unless expressly conferred by statute: Miller Paper Co. v. Keystone C. & C. Co., 275 Pa. 40; American Trust Co. v. Kaufman, 279 Pa. 230, 233. Indeed, appellant concedes in his brief that the order complained of is interlocutory, but he urges that the Act of March 5, 1925, P. L. 23, permits an appeal

therefrom. Section 1 of that act provides "that wherever in any proceeding at law or in equity the question of jurisdiction over the defendant or of the cause of action for which suit is brought is raised in the court of first instance, it shall be preliminarily determined by the court upon the pleadings or with depositions, as the case may require; and the decision may be appealed to the Supreme Court or the Superior Court, as in cases of final judgments." Section 2 provides "that such preliminary questions shall be raised by petition setting forth the facts relied upon." Section 3 provides "that the appeal provided for in Section 1 must be taken and perfected within fifteen days from the date of the decision appealed from and shall be returnable on the third Monday after it is taken, and shall be placed by the Appellate Court at the head of its argument list for civil cases." Appearance of defendant to object to the jurisdiction under this act is de bene esse only. From an examination of the act it seems clear that the Court of Common Pleas, from which this appeal comes, is not the court of first instance contemplated by the statute. The court of first instance is that in which the suit is instituted. The obvious purpose of the statute is to permit a defendant to obtain in limine, a prompt and final determination of the question whether the court in which the suit was brought had jurisdiction over him or the cause of action sued upon: Wilson v. Garland, 287 Pa. 291. As no such course was pursued in the present case, defendant cannot invoke the statute to sustain his appeal. It follows that the review of the question whether the Common Pleas acquired jurisdiction over defendant or the cause of action must await the determination of the suit, though inconvenience to defendant may result.

The appeal is quashed.