(No. 25960.—

JESSIE ROGERS, Appellant, *vs.* ROSANNA SARAH BARTON *et al.*—(MARY SORGE, Appellee.)

*Opinion filed February 18, 1941.*

RATHJE, HINCKLEY, BARNARD & KULP, (JOSEPH J. SULLIVAN, and JOSEPH J. SULLIVAN, JR., of counsel,) for appellant.

HARRY A. BIOSSAT, for appellee.

Mr. Justice Stone delivered the opinion of the court:

Appellant, Jessie Rogers, filed a complaint in the circuit court of Cook county seeking partition of certain tracts of real estate purchased at a bailiff's sale. She also sought a decree quieting title to the property as against the claims of appellee Mary Sorge.

Mary Sorge filed a counter-claim seeking equitable redemption from the bailiff's sale and offering to do equity. In her answer to the original complaint and in her counter-claim she alleged that the bailiff's sale, through which the property described in the complaint and other property was sold, was irregular and fraudulent. Jessie Rogers filed an answer to the counter-claim denying these allegations, asserting that she was an innocent purchaser of the property for value, and charged that Mary Sorge had been guilty of *laches*.

From the evidence the following uncontested facts appear: On August 29, 1934, Mary Sorge owned in fee simple, eighteen parcels of real estate situated in the city of Chicago. On one of them, designated in this record as tract "A," she had, some years before, placed a mortgage for $4500. She had made a contract to sell this property to William L. Fletcher and Hattie Fletcher, his wife, and they signed the mortgage note as principals. The note being unpaid, the owner thereof, one John H. Dalton, on September 20, 1933, brought suit on it against Mary Sorge and the Fletchers. On August 29, 1934, judgment in the sum of $4983.52 was recovered against Mary Sorge and later, in the same proceeding, judgment in the sum of $5008.93 against the Fletchers. On August 31 thereafter, Dalton caused an execution to be issued and, in November following, a levy was made on the eighteen parcels of real estate owned by Mary Sorge, and notice by publication of the sale was given. This sale was had on December 5, 1934, and Dalton purchased tracts 1 to 17 inclusive, for $4100, being but a part of the amount due on the judgment

against Mary Sorge. He retained his lien on tract "A" to satisfy the balance of his judgment. No steps were taken to foreclose the mortgage or to enforce the judgment entered against the Fletchers.

On May 5, 1936, there having been no redemption of the premises, the bailiff of the municipal court executed and delivered to Dalton, as grantee, a deed to parcels 1 to 17, inclusive. On May 26 thereafter, Dalton and his wife deeded parcels 1 to 17, inclusive, to appellant Jessie Rogers for $8000, $5800 of which was paid in cash and $2200 delivered to the Chicago Title and Trust Company with an escrow agreement which recited the procedure by which Dalton had acquired title to the Sorge property, and which also recited that Dalton would assign to appellant his rights acquired under the original trust deed given to secure the indebtedness of Mary Sorge and the Fletchers to tract "A." He likewise assigned his interest in the balance remaining due and unsatisfied on the judgments entered in the municipal court against Mary Sorge and the Fletchers.

The escrow agreement further stated that if Mary Sorge successfully prosecuted a bill to set aside the bailiff's deed by which Dalton obtained title, within two years, then the $2200 held in escrow was to be returned to the appellant Rogers, and she was to reassign and quitclaim all right obtained through her deed and escrow agreement to Dalton; and if no suit was successfully prosecuted by Mary Sorge within two years, then the escrowee was to pay the balance of the purchase price to the grantor Dalton.

On May 27, 1936, appellant Rogers conveyed a one-sixth interest in parcels 1 to 14 to one Rosanna Sarah Barton and shortly after took possession of the remainder of the premises she had obtained from Dalton, and collected the rents and profits arising therefrom. She made no attempt to take possession of the homestead premises of Mary Sorge described in this record as parcel 18, and took no further steps to satisfy against the Fletchers the balance

of the judgment which she had received on assignment from Dalton. She, however, took possession of the mortgaged parcel "A" as mortgagee, and also took possession of a tract known in the record as tract 19, and collected the rents and profits therefrom. She continued in possession until December 8, 1936, when she filed the complaint herein. Prior to that time she had sold parcels 15, 16 and 17 to one Josephine Donato.

The defense and counter-claim of appellee Mary Sorge was, as we have said, that unfair advantage had been taken of her by Dalton and that she had no notice of the issuance of the execution on his judgment nor of the subsequent levy on her premises, nor of the fact that her property had been sold, until shortly before the action, and, further, that the sale price was grossly inadequate. The master heard the evidence and reported finding the merits of the controversy with the counter-claimant Mary Sorge. The chancellor, on hearing exceptions to the master's report, entered a decree approving the report, dismissing the cause as to the counter-defendant Dalton, dismissing the original complaint of appellant for want of equity, and setting aside the deed executed by the bailiff of the municipal court, the levy and sale involving parcels 1 to 18, the deed from Dalton to Jessie Rogers and her deed to Rosanna Sarah Barton, and directed that Mary Sorge be put in possession of the premises. An accounting was ordered. The decree also contained the following: "And the court hereby reserves jurisdiction of this cause for the entry of any and all orders and decrees with reference to said accounting and the rights of all parties in connection with said real estate hereinbefore described as 'parcels 1 to 19' both inclusive." The decree required the appellee Mary Sorge to file a bond in the sum of $5000 conditioned to pay the plaintiff and the defendant Rosanna Sarah Barton, or either of them, such amount as may be found by the court to be due them from the defendant Mary Sorge as result of the accounting.

Numerous errors have been assigned on the record. While jurisdiction of this court is not questioned, yet before consideration can be given to the errors assigned it must be first determined whether the appeal is one of which this court has jurisdiction. The decree, to be appealable, must be a final determination of the rights and title in and to the real estate here involved, and a freehold must be involved. If the decree does not determine the rights and title of the parties in and to the real estate involved, it is not a final decree and the appeal is premature. To be final and appealable, a decree must terminate the litigation between the parties on the merits of the cause, so that, if affirmed, the trial court has only to proceed with the execution of the decree. Where the decree retains jurisdiction in the court for further consideration of controversial matters pertaining to the merits of the cause, such as, in this case, the rights or title of the parties in or to the property, it is not a final and appealable decree. (*Rosenthal* v. *Board of Education,* 239 Ill. 29; *Brodhead* v. *Minges,* 198 id. 513; *Chicago and Northwestern Railway Co.* v. *City of Chicago,* 148 id. 141.) While it is true the decree sets aside the several deeds, it retains jurisdiction "for the entry of any and all orders and decrees with reference to the right of all the parties in connection with the said real estate." Such a decree may, after the report of the special master to whom the cause has been referred to take an accounting, be modified or vacated and a new decree be entered determining the rights or title of the parties in and to the real estate, different from the determination in the decree appealed from. Such a decree is not final and therefore not appealable. In this condition of the record this court does not have jurisdiction of this appeal and it is, therefore, dismissed as premature.

*Appeal dismissed.*