(No. 26466.—

THE PEOPLE *ex rel.* Bernard Dombroski *et al.* Appellants, *vs.* JOHN F. O'CONNELL, Judge, Appellee.

*Opinion filed November 24, 1941.*

HALLAHAN & MERRICK, (NEAL J. HUFF, of counsel,) for appellants.

I. J. BERKSON, (MAYER GOLDBERG, and IRVING L. BERKSON, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellants seek review of an order of the circuit court of Cook county dismissing their petition for *mandamus* against respondent, the probate judge of Cook county. Appellants filed in the probate court of that county their petition for appointment of a conservator of the person and of the estate of their father, Frank Dombroski. The father and two others of his children were made parties defendant. This petition alleged that Dombroski, who was eighty-one years of age and in poor health, and who could not read nor write English, possessed a substantial estate which had for years been handled by his wife who died in 1940; that because of his age and physical and mental incapacity he was incompetent to manage his estate, and prayed that one of the petitioners be appointed conservatrix of his person and that the Merchants Trust Company, or some other disinterested person, be appointed conservator of his estate.

A hearing was had before the appellee as judge of the probate court and the petition was denied. Thereafter, on notice, appellants here sought an appeal to the circuit court and presented for approval an appeal bond. No question of the sufficiency of the bond is raised here. Appellee, as probate judge, denied the prayer for appeal, denied leave to file the bond and refused to fix the amount or conditions of an appeal bond. Thereafter, appellants filed in the circuit court of Cook county a petition for issuance of a writ of *mandamus* to compel the probate judge, appellee here, to grant an appeal and to fix the amount and the condition of the appeal bond. The appellee filed a motion to strike the petition for *mandamus* setting forth as grounds therefor, in substance, that appellants had no appealable interest and were not persons aggrieved by the order denying ap-

pointment of a conservator within the provisions for appeal as set forth in the Probate act. The circuit court sustained appellee's motion and dismissed the petition for *mandamus*. The order of dismissal recites that appellants urged that the denial of appeal to them violated section 29 of article 6 and section 2 of article 2 of the constitution of Illinois.

Appellants appeal directly to this court. They assign as errors (1) that the circuit court erred in dismissing the petition for writ of *mandamus*; (2) the Probate act, relating to appeals, and the order denying appellants' right to appeal from the order denying their petition for appointment of conservator, if they are to be construed as construed by the circuit court and the probate judge, violate the constitutional provisions hereinbefore referred to. It is also objected that the order denying the appeal is contrary to the provisions of the Probate act.

A motion has been filed here by appellee to transfer the cause to the Appellate Court on the ground that the record presents no constitutional question. Appellee argues in support of that motion that the order appealed from contains no ruling or decision of the trial court as to any constitutional question and that, therefore, none is presented, and that the sole question is the validity of the decree or judgment. It is apparent from what we have stated that a constitutional question was raised and that the trial court necessarily passed upon it in dismissing the petition. The motion to transfer is denied.

The question raised on this appeal is whether the appellants have an appealable interest in a case of this kind. The probate court and the circuit court held that they do not. Section 330 of the Probate act of 1939, in effect in 1940, (Ill. Rev. Stat. 1939, chap. 3, par. 484, p. 129,) provides in part: "An appeal from any other order, judgment, or decree of the probate court, [other than orders pertaining to the sale of real estate as provided in section 329 of the Probate act,] may be taken by any person

who considers himself aggrieved, to the circuit court by filing in, and the approval by, the probate court of an appeal bond and the payment of the costs and fees of the appeal."

Appellee's argument is that appellants do not come within the designation "any person who considers himself aggrieved;" that if, as a matter of fact, which they say is true in this case, a party is not a party in interest, the fact that he may consider himself aggrieved is not sufficient, but he must, in fact, have a direct monetary or other substantial interest. To this point counsel have cited numerous cases. Appellants do not contend the rule to be otherwise but say that appellants in this case are proper persons to be considered as coming within the provision just quoted.

Under section 113(c) of the Probate act, (Ill. Rev. Stat. 1941, chap. 3, par. 265(c),) appellants, were proper persons to file the petition for appointment of conservator. The filing of the petition and hearing thereon constituted a suit or cause of action to which appellants, as petitioners, were parties. The right of appeal is a privilege conferred by statute as a matter of right and is given to parties or privies to the record. (*People* v. *Whealan,* 353 Ill. 500; *People* v. *O'Connell,* 252 id. 304.) It is an anomaly to say that appellants, though proper parties to bring this action, are not proper parties to appeal from a decision against them. By section 5 of article 1 of the Probate act, (Ill. Rev. Stat. 1939, chap. 3, par. 155,) it is provided that "The provisions of the Civil Practice act and all existing and future amendments and modifications thereof, and the rules now or hereafter adopted pursuant to that act, shall apply to all proceedings hereunder, except as otherwise provided in this act." The order of the probate court dismissing appellants' petition for appointment of a conservator was a final order in that proceeding.

Appellants, petitioners, are children of the alleged incompetent. As next of kin they had a right to file the petition. If they have no right to appeal as a party ag-

grieved from a final order against them as such petitioners, the question arises: Who may exercise the right of appeal given by section 330 of the Probate act? It is conceded that had the court decided the issues against the defendants, they or any of them could appeal from such decision. If petitioners may not appeal, and the defendants may, then the statutory provision giving the right of appeal to one feeling himself aggrieved fails to provide due process of law, and the judge who enters the order is in the position of being the absolute ruler over his own decision. Such a situation is abhorrent to the letter and spirit of the law.

Since appellants as next of kin would be liable for the support of the alleged incompetent if his estate be wasted, there appears a clear interest in petitioners, putting them within the provisions of the statute as parties aggrieved, and they should be given the right to be heard on appeal from an order of the probate court denying their petition for appointment of a conservator. (*McMahan* v. *Trautvetter*, 305 Ill. 395.) We believe this to be the intent of the act. Such construction of section 330 renders it constitutional.

We are of the opinion that that section gives to the petitioners, appellants, the right to a review of the action of the probate court denying their petition. No question is raised as to the sufficiency of the bond or the facts set forth in the petition for *mandamus,* and the motion to strike that petition admits facts properly pleaded. The circuit court erred in dismissing the petition. The judgment of that court is reversed and the cause remanded, with directions to overrule appellee's motion to strike.

*Reversed and remanded, with directions.*