WILLIAM LINDSEY, PLAINTIFF-RESPONDENT, v. TEDDY'S FROSTED FOODS, INC., AND SALVATORE SCIRIM-MANO, DEFENDANTS-APPELLANTS.

Argued February 28, 1955—Decided March 14, 1955.

62

Mr. *Jerome S. Lieb* argued the cause for the appellants (*Messrs. Harkavy and Lieb,* attorneys; *Mr. Abraham I. Harkavy,* of counsel).

Mr. *Marlin Klughaupt* argued the cause for the respondent.

The opinion of the court was delivered by

VANDERBILT, C. J.   The defendants appeal from an interlocutory order of the Morris County District Court denying their motion to set aside the service of the summons on them and to dismiss the complaint.   We certified the appeal on our own motion while it was pending in the Appellate Division of the Superior Court.

On January 20, 1954 the plaintiff, who was employed as a truck driver and delivery man, had driven a truck of his employer onto that part of the property of the Grand Union Store in Hackettstown where deliveries were made to the store and was unloading merchandise from the truck with the aid of the store's conveyor belt.   The defendant Scirimmano, who likewise drove a truck of his employer, the defendant Teddy's Frosted Foods, Inc., for the purpose of making deliveries to the store, became annoyed at the delay occasioned by the plaintiff's use of the conveyor belt and, according to the affidavit of the plaintiff, climbed out of his truck and onto the truck where the plaintiff was unloading merchandise and struck the plaintiff, causing a concussion of the brain and a lacerated scalp.

The plaintiff brought this action against the defendant Scirimmano individually and against the corporate defendant under the doctrine of *respondeal superior*.   The defendants filed an aswer on the merits, in which they also alleged that service of the summons upon them through the Director of the Division of Motor Vehicles of the State of New Jersey was invalid.   Prior to trial they moved to set aside the service and dismiss the complaint, supporting the motion with an affidavit by the individual defendant reciting the above facts and then concluding:

"Any alleged injuries suffered by the plaintiff were as a result of said altercation and fisticuffs and not arising out of or by reason of any accident or collision occurring within the State of New Jersey in which the motor truck driven by me and owned by my employer, Teddy's Frosted Foods, Inc. was involved while being driven in the State of New Jersey.

As recited hereinabove, the altercation and fisticuffs and any alleged injuries suffered by the plaintiff resulting therefrom were in no wise connected with the ownership or operation of the aforementioned motor truck."

The trial court denied the motion and the defendants appeal under *R. R.* 2:2–3(*a*)(3), which provides that appeals may be taken from orders, whether or not interlocutory, determining that the court has jurisdiction over the subject matter or person.

*N. J. S. A.* 39:7–2(*b*) of the Motor Vehicle Act provides:

"Any person or persons, not being a resident or residents of this State or any corporation * * * not incorporated under the laws of this State * * * who, by * * * their * * * agent * * * shall cause to be *driven upon any public highway* of this State, any motor vehicle which is not registered in this State * * * shall * * * make and constitute the Director of the Division of Motor Vehicles * * * their * * * agent for the acceptance of process in any civil action * * * *arising out of or by reason of any accident or collision* occurring within this State in which *any such motor vehicle* * * * is involved. The operating or causing to be operated of any such motor vehicle within this State shall be the signification of the agreement of such nonresident person operating the same, or of such * * * corporation * * * for whom such motor vehicle is operated * * * of his [or] their * * * agreement that any such process * * * so served shall be of the same legal force and validity as if served * * * personally * * * in accordance with law within this State." (Italics supplied.)

The simple question before us is whether the cause of action pleaded by the plaintiff comes within the scope of the quoted statute so as to sustain the service of process under it.

■■ Obviously there is lacking here "any accident or collision * * * in which any such motor vehicle * * * is involved." The truck of the defendants was parked to one side and the defendant Scirimmano was not even in it at the time of the incident complained of by the plaintiff. The fact that the truck brought the defendant to the place has no more to do with the individual defendant's misconduct than it would if he had parked his truck and gone to a tavern and become involved in a brawl. To make such conduct, entirely unrelated to the operation of an automobile

within the state, the ground of the service of process upon the Director of the Division of Motor Vehicles would clearly be unconstitutional under the Fourteenth Amendment.

"The fact that a non-resident does acts or owns things within the State is not a sufficient reason for subjecting him to the jurisdiction of the State and of its courts with respect to causes of action unconnected with such acts or things. A statute, for example, which provides that if a non-resident operates an automobile within the State service of process may be made upon him by mail or by service outside the State or by service upon a public official is unconstitutional under the Fourteenth Amendment to the extent to which it applies to causes of action unconnected with the operation of the automobile within the State." *Restatement of the Law of Judgments*, § 23, *comment e, p.* 113.

See also *Kelley v. Koetting*, 164 *Kan.* 542, 190 *P. 2d* 361, 366 (*Sup. Ct.* 1948), quoting *Brauer Supply Co. v. Parkhill Truck Co.*, 383 *Ill.* 569, 50 *N. E. 2d* 836, 148 *A. L. R.* 1208 (*Sup. Ct.* 1943):

" 'To extend the operation of the statute to all the acts incident to the contract of transportation, without any limit as to the causative force or the time or place where the injury occurred, would give to it a construction which would violate the privileges-and-immunities clause of the Constitution of the United States * * *.' "

*Chiarello v. Guerin Special Motor Freight Co.*, 22 *N. J. Super.* 431 (*Law Div.* 1952), cited by the plaintiff is not to the contrary, for there the accident arose while the defendant was unloading a truck which had been parked on a sidewalk and the court inescapably held that the truck in question was involved in the accident.

The defendants claim that since their truck was not being driven upon a public highway when the incident occurred but rather was on private property, the Motor Vehicle Act does not apply. While there is no decision in this State on the subject, there is a considerable amount of conflicting law on the topic elsewhere. See, for example, *Sipe v. Moyers*, 353 *Pa.* 75, 44 *A. 2d* 263, 264 (*Sup. Ct.* 1945), where the court in construing a statute differing only slightly from ours stated:

"To hold that state power in this regard could not constitutionally be exercised to reach beyond the highway itself and encompass within its scope instances where the nonresident, after having entered the state over state highways, proceeds onto private property and there causes injury to another, would create an artificial and unreasonable distinction.

The injury is alleged to have resulted from the negligent operation of appellants' motor vehicle. The inherent danger accompanying the operation of motor vehicles is not restricted to highways. We may assume that the legislature in enacting the Non-Resident Motorist Act gave due consideration to such dangers and enacted a statute calculated to apply to the situation here presented. It is significant that the terms of the enactment do not restrict its operation to actions arising from the use of the highway as did the Massachusetts statute in *Hess v. Pawloski, supra* [274 *U. S.* 352, 47 *S. Ct.* 632, 71 *L. Ed.* 1091]. The legislature has taken cognizance of the inherent danger of motor vehicles, the ease with which a nonresident may enter and leave the state by use of its public highways within a very short period of time, and the burden upon a resident or domiciliary were he required to travel to the domiciliary state of the nonresident to institute an action.

The statute in question, reasonably adapted to remedy the evil, represents a constitutional exercise of the police power."

On the other hand, there are cases, such as *Brauer Supply Co. v. Parkhill Truck Co., supra,* 383 *Ill.* 569, 50 *N. E. 2d* 836 (*Sup. Ct.* 1943), and *Kelley v. Koetting, supra,* 164 *Kan.* 542, 190 *P. 2d* 361 (*Sup. Ct.* 1948), to the contrary. The fears of unconstitutionality expressed in these two cases, however, are belittled in a note in 46 *Mich. L. Rev.* 1128 (1948). A decision on this point is unnecessary to the disposition of the appeal and it is accordingly reserved.

The order of the trial court sustaining the service of process and refusing to dismiss the complaint is reversed. The case will be remanded to the trial court for the entry of an order striking the service of the summons on the defendants.

*For reversal*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.

*For affirmance*—None.