(No. 34466.—

THE VILLAGE OF NILES, Appellee, *vs.* JOSEPH SZCZESNY, Appellant.

*Opinion filed January 24, 1958.*

WACHOWSKI & WACHOWSKI, of Chicago, (CASIMIR R. WACHOWSKI, of counsel,) for appellant.

BRYANT, COLWELL & WELLS, of Chicago, (JOHN M. BRYANT, and HENRY L. WELLS, of counsel,) for appellee.

Mr. CHIEF JUSTICE DAVIS delivered the opinion of the court:

A police magistrate of the village of Niles found the defendant guilty of the violation of a fire ordinance and

fined him $500 and costs. Defendant perfected an appeal to the superior court of Cook County, and the plaintiff village filed its appearance and moved to dismiss the appeal for lack of jurisdiction. The superior court held that it was without jurisdiction to hear the appeal, but, on motion of defendant, ordered the cause transferred to the criminal court of Cook County. The village appealed to the Appellate Court from that portion of the order transferring the cause. The defendant there moved to dismiss the appeal on the ground that the order of transfer was not final and appealable. This motion was denied. Defendant then moved to transfer the cause to this court in that the construction of section 26 of article VI of the Illinois constitution in relation to the provisions of section 10(2) of the Civil Practice Act, (Ill. Rev. Stat. 1955, chap. 110, par. 10,) was necessarily involved. This motion was likewise denied. The Appellate Court held that the superior court had no power to enter the order of transfer, reversed the judgment and remanded the cause to that court with directions to dismiss the appeal from the police magistrate. (13 Ill. App.2d 182.) We allowed defendant's petition for leave to appeal and are met with the threshold question of whether the order of the superior court transferring the cause to the criminal court was final and appealable.

Section 77 of the Civil Practice Act limits the right of review to appeals from "final judgments, orders or decrees." (Ill. Rev. Stat. 1955, chap. 110, par. 77.) Appellate courts, subject to statutory exceptions, are without jurisdiction to review judgments, orders, or decrees which are not final. (*Brauer Machine and Supply Co.* v. *Parkhill Truck Co.* 383 Ill. 569; *Chicago Portrait Co.* v. *Chicago Crayon Co.* 217 Ill. 200.) The right of appeal is purely statutory and may be exercised only within the limits prescribed by legislative grant. (*People ex rel. Dombroski* v. *O'Connell,* 378 Ill. 346; *Durkin* v. *Hey,* 376 Ill. 292.) It is not contended

that statutory exceptions which allow appeals from interlocutory orders are applicable here.

To be final and appealable, a judgment or order must terminate the litigation between the parties on the merits of the cause, so that, if affirmed, the trial court has only to proceed with the execution of the judgment. (*Roddy* v. *Armitage-Hamlin Corp.* 401 Ill. 605; *Brauer Machine and Supply Co.* v. *Parkhill Truck Co.* 383 Ill. 569; *Rogers* v. *Barton,* 375 Ill. 611.) While the order need not dispose of all the issues presented by the pleadings, it must be final in the sense that it disposes of the rights of the parties, either upon the entire controversy or upon some definite and separate part thereof. (*Altschuler* v. *Altschuler,* 399 Ill. 559; *Brauer Machine and Supply Co.* v. *Parkhill Truck Co.* 383 Ill. 569; *Sebree* v. *Sebree, 293* Ill. 228; Ill. Rev. Stat. 1955, chap. 110, par. 50(2).) While this court has never decided whether an order transferring a cause from one court to another is appealable, other jurisdictions, where finality is required, have uniformly held that such an order is not final and appealable. *Holder* v. *Taylor,* 233 Ala. 477, 172 So. 761; *Vaughan* v. *Hill,* 154 Ark. 528, 242 S.W. 826; *Davis* v. *Petroleum Casualty Co.* (Tex. Civ. App.) 70 S.W.2d 649; *Felletter* v. *Thompson,* 133 Conn. 277, 50 A.2d 81; *Bernhardt* v. *Bass,* 91 Pa. Super. 123; *Mercer* v. *Glass's Exr.* 89 Ky. 199, 12 S.W. 194; *Dunagin* v. *First Nat. Bank,* 118 Miss. 809, 80 So. 276; 4 C.J.S. p. 315, par. 115(f); *Arrowhead Co.* v. *The Aimee Lykes,* 193 F.2d 83; *Jiffy Lubricator Co.* v. *Stewart-Warner Corporation,* 177 F.2d 360.

The order of transfer in the instant case did not dispose of the rights of the parties either upon the entire controversy or upon some definite and separate part of the litigation. It was not a final order and the Appellate Court was without jurisdiction to entertain the appeal. The fact that the order was alleged to be, or was, null and void,

does not alter the rule. *Moffat Coal Co.* v. *Industrial Com.* 397 Ill. 196, 201, 202.

Plaintiff urged that defendant waived any objections to the jurisdiction of the Appellate Court by failing there to argue the question in his briefs. While failure to argue errors assigned in the reviewing court operates as a waiver, the record shows that a motion to dismiss the appeal, with suggestions and citations in its support, was filed. The question was squarely presented to the Appellate Court which denied the motion. Re-argument in the briefs was not required. Moreover, had defendant failed to raise the question of jurisdiction in the Appellate Court, he would not be precluded from urging it here, since the parties could not, either by failing to raise the question, or by consent, confer jurisdiction to review the order if in fact the order appealed from was not one from which an appeal would lie. (*Brauer Machine and Supply Co.* v. *Parkhill Truck Co.* 383 Ill. 569; *Chicago Portrait Co.* v. *Chicago Crayon Co.* 217 Ill. 200.) The motion to dismiss the appeal should have been allowed. In view of this conclusion, we do not reach other assignments of error urged on appeal.

Since the cause has already been transferred to the criminal court of Cook County, no useful purpose will be achieved by remanding it to the superior court. For the reasons given, the judgment of the Appellate Court is reversed, and the cause is remanded to the criminal court of Cook County.

*Appellate Court reversed, and*
*cause remanded to criminal court.*