Stella Lombardi, Plaintiff-Appellant, v. Peter Lombardi, Defendant-Appellee.

Gen. No. 48,314.

First District, Second Division.
May 23, 1961.
Rehearing denied June 13, 1961.

Barry A. Pitler, of Chicago, for appellant.

Walter C. Wellman, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

Stella Lombardi and Peter Lombardi were married at Chicago on April 18, 1931. Four children were born of the marriage, Andrew on March 5, 1932, Alice Sitar on August 11, 1934, Peter on May 14, 1941 and Cynthia on June 6, 1948. On April 21, 1959, in a suit by the wife and service by publication a decree was entered severing the bonds of matrimony on the ground that he wilfully deserted her for a period of over one year since September 20, 1955. The decree awarded to the mother the care, custody and education of the two minor children, Peter and Cynthia, and reserved for future consideration the question of support for the minor children, alimony and attorney's fees.

On May 10, 1960, plaintiff filed a petition praying for reasonable child support, attorney's fees, a summons against defendant and other relief. On May 12, 1960, the court directed that a summons issue and defendant was served with a summons. Plaintiff then filed a petition asking for an order for support for Cynthia, the youngest child, and attorney's fees. The defendant, appearing specially for the sole purpose of contesting the jurisdiction of the court, moved to

185

quash service of the summons on the ground that by the entry of the decree the court lost jurisdiction to enter an order for child support or attorney's fees, and on a procedural ground hereinafter discussed. The court entered an order quashing service of summons and finding that it "does not have jurisdiction of the defendant or the subject matter hereof." Plaintiff appealed.

We turn to a consideration of defendant's contention that the order quashing service of the summons is not a final and appealable order. The order finally disposed of the case. Regardless of its form it was a complete and final disposition of the subject matter. If it should be held that an order of this character is not appealable there would be no method by which a plaintiff could obtain a review of an order of the trial court quashing the service of process. We conclude that the order was final and appealable. Brauer Machine & Supply Co. v. Parkhill Truck Co., 383 Ill. 569, 50 N.E.2d 836.

Prior to 1947 the court would have had to reserve in its decree any matters over which it desired to retain jurisdiction. The Legislature, recognizing this shortcoming, revised the Divorce Act, effective July 9, 1947, to provide that irrespective of "whether the court has or has not in its decree made an order for the payment of alimony or support, it may at any time after the entry of a decree for divorce, upon obtaining jurisdiction of the person of the defendant by service of summons or proper notice, make such order for alimony and maintenance of the spouse and the care and support of the children as, from the evidence and nature of the case, shall be fit, reasonable and just, but no such order subsequent to the decree may be made in any case in which the decree recites that there has been an express waiver of alimony or a money or property settlement in lieu of alimony or where

186

the court by its decree has denied alimony." Par. 19, Ch. 40, Ill. Rev. Stat. 1959. In our opinion the 1947 amendment sanctions the post decretal relief sought by the plaintiff. The cases cited by the defendant are inapplicable to this amendment.

In the instant proceeding plaintiff seeks support for the minor child of the parties and reasonable attorney's fees. Prior to the enactment of the 1947 amendment the father could be required to support his minor child. In Kelley v. Kelley, 317 Ill. 104, 147 N.E. 659, a case where there was substituted service and no reservation of jurisdiction, the court stated that the obligation of the father to support his minor child begins when the child is born and continues during the minority of the child; that this obligation is not affected by the divorce decree nor the granting of the care and custody of the child to the mother or some other suitable person; that the children are of his blood; that it is not their fault that their parents have been divorced; that it is their right to be given care by those who brought them into the world until they are old enough to take care of themselves; and that the court granting the decree awarding the custody of the children to the mother had authority to issue a citation requiring the father to appear and show cause, if any he had, why he should not be required to assist in supporting his minor child.

The author of the article on Divorce, Sec. 141, Ch. 5, page 321, Illinois Law and Practice, says:

"Prior to the 1947 amendment of the Divorce Act relating to permanent alimony, if the trial court in granting a divorce neither expressly reserved jurisdiction over the question of alimony nor granted alimony the court thereafter lacked jurisdiction of the subject matter of alimony. However, section 18 of the Divorce Act as amended provides that, irrespective of whether the court has or has not in its decree made an order

187

for the payment of alimony or support, it may at any time after the entry of a decree for divorce, on obtaining jurisdiction of the person of the defendant by service of a summons or proper notice, make such order for alimony and maintenance of the spouse as from the evidence and nature of the case shall be fit, reasonable and just, but no such order subsequent to the decree may be made in any case in which the decree recites that there has been an express waiver of alimony or a money or property settlement in lieu of alimony or where the court by its decree has denied alimony. The validity of the amendment has been upheld by the Supreme Court."

Defendant asserts that after a decree for divorce is entered on service by publication the case is disposed of and the court has no further jurisdiction to enter any orders in reference to alimony, attorney's fees or child support. We think that the 1947 amendment gave the court the right to proceed against the defendant. He states that plaintiff's proper remedy is by filing a new suit to compel the defendant to support his child either in chancery or under the statute providing therefor, and that she has no remedy for alimony or attorney's fees in the instant proceeding. Under the 1947 amendment the court in the original divorce case, upon obtaining jurisdiction of the person of the defendant by service of summons or proper notice is required to make such order for alimony, maintenance of the spouse and the care and support of the child as from the evidence and nature of the case shall be fit, reasonable and just. It is not necessary for plaintiff to file a new suit or to proceed under any other statute.

Defendant points out that the 1947 amendment does not prescribe the form of summons to be issued. The form of summons served on the defendant was inap-

propriate. However, he knew what he was required to answer. He was not harmed by the informality.

For the reasons stated the order is reversed and the cause is remanded with directions to vacate the order quashing the service of summons and for further proceedings consistent with these views.

Order reversed and cause remanded with directions.

FRIEND, J. and BRYANT, J., concur.