CHARLENE HENDERSON, Plaintiff-Appellant, *v.* GERALD FOSTER, Defendant-Appellee—(URBANA PARK DISTRICT, Employer-Appellee.)

(No. 11993; ▓▓▓▓▓▓▓▓)

Fourth District—June 6, 1973.

*Supplemental opinion filed November 27, 1973 upon denial of rehearing.*

Ora J. Baer, II, of Champaign, for appellant.

Phillips, Phebus, Tummelson & Bryan, of Urbana, (Darius E. Phebus, of counsel,) for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Plaintiff-appellant Charlene Henderson, on the 25th day of February, 1972, secured a judgment in the sum of $950 and costs against her former husband, defendant-appellee Gerald Foster, the judgment being for arrearages in child support payments awarded to her under a prior decree of the court. On March 13, 1972, a wage deduction summons was issued to the Urbana Park District, defendant Foster's employer. On April 14, 1972, the Urbana Park District filed a motion to quash the wage deductions summons on the ground that it was a municipal corporation and therefore immune from wage deduction orders. On May 4, 1972, the trial court entered an order quashing the summons. On May 18, 1972, the plaintiff filed a motion for rehearing on motion to quash wage deduction summons. On May 25, 1972, the trial court denied the motion of the plaintiff for rehearing. On June 20, 1972, the plaintiff filed notice of appeal from the order denying the motion for rehearing.

Supreme Court Rule 301 provides that "every *final judgment* of a circuit court in a civil case is appealable as a matter of right." (Emphasis added.) Certain interlocutory appeals are provided for in rule 307 on grounds not relevant here. The denial of the motion for rehearing did

134

not terminate the litigation between the parties on the merits of the cause as it must do to constitute a final and appealable order. *Village of Niles v. Szczesny,* 13 Ill.2d 45, 147 N.E.2d 371; *Peach v. Peach,* 73 Ill. App.2d 72, 218 N.E.2d 504.

There being no final, appealable order, this court has no jurisdiction and the appeal is accordingly dismissed.

Appeal dismissed.

SMITH, P. J., and TRAPP, J., concur.

### SUPPLEMENTAL OPINION ON DENIAL OF PETITION FOR REHEARING

Mr. JUSTICE SIMKINS delivered the opinion of the court:

On rehearing the Plaintiff reiterates the argument that the order quashing the summons was a final and appealable order. Appellee's motion to quash was bottomed on the proposition that it was a municipal corporation "\* \* \* and is therefore immune from garnishment and wage deduction orders." A motion to quash summons does not go to the merits of the controversy. Its function is to question whether or not the defendant has been properly brought into Court so as to require it to respond to the complaint. Plaintiff cites *Brauer Machine and Supply Co. v. Truck Co.,* 383 Ill. 569, 50 N.E.2d 836. There, however, the issue resolved by the order quashing the summons was whether or not the defendant was properly brought before the Court under the substituted service provisions of the Motor Vehicle Act. *Ogdon v. Gianakos,* 415 Ill. 591, 114 N.E.2d 686, similarly dealt with the question of whether or not the defendant was properly brought before the court on substituted service provided in the Motor Vehicle Act. Plaintiff also cites *Lombardi v. Lombardi,* 31 Ill.App.2d 184, 175 N.E.2d 582, here also, the question raised by the motion to quash summons related to jurisdiction of the defendant and the subject matter: Plaintiff also cites *O'Neill v. Continental Illinois Co.,* 341 Ill.App. 119, 93 N.E.2d 160. There the question posed by the motion to quash summons went, not to the merits of the controversy, but rather to the issue of whether or not the court had or could acquire jurisdiction of the defendant by its process. In addition to quashing summons the trial court dismissed plaintiff's suit. These cases, in our view, demonstrate that when a motion to quash summons is allowed for the reason that the defendant is not properly before the court and jurisdiction is consequently lacking, that order is final and appealable. We are unwilling to extend that proposition and thus encourage the practice of raising questions which go to the merits of a plaintiff's case by means of such motions and orders.

Here we deal with a summons specifically authorized and issued under a statute commonly referred to as the wage deduction statute (Ill. Rev. Stat. 1971, ch. 62, par. 71 *et seq.*). Paragraph 86 of the statute (section 16 of the Act) provides that appeals may be taken from a final judgment or order of the court in like manner as in other civil cases. In *People ex rel. Department of Public Health v. Brown,* 96 Ill.App.2d 355, the court held that a motion to quash service and dismiss for the reason that the individual serving the summons on the defendant was not qualified under section 13.1 of the Civil Practice Act, Ill. Rev. Stat. 1971, ch. 110, par. 13.1), and that the "matter and questions involved here" were involved in another suit then pending in the Supreme Court of Illinois was not an appealable order under section 20 the Civil Practice Act, (Ill. Rev. Stat. 1971, ch. 110, par. 20), and dismissed the appeal. This same section (3) provides that jurisdiction of the person is waived if the defendant proceeds to a trial of the case "unless the objection is on the ground that the defendant is not amenable to process issued by a court of this State". The case we consider comes squarely under this exception and the clear implication is that the nonamenability of the defendant to process issued by a court of this State is not waived, but may or must be raised in a subsequent pleading. The wage deduction summons requires a defendant to answer. When that defendant answers, the judgment creditor may "contest the truth or sufficiency of the employer's answer". (Ill. Rev. Stat. 1971, ch. 62, par. 80.) An issue is made up and the court may then enter a final order dispositive of the question as to whether or not, in a proceeding under the wage deduction statute, a municipal corporation may be required to pay a portion of an employee's wages to a judgment creditor. Quashing of the summons in this instance only disposes of the summons and under section 6 of the wage deduction statute "subsequent summonses shall be effective for successive 30-day periods in the order in which they are served". There is nothing properly preserved for us to review by the order here entered, unless and until a final judgment on the merits between the judgment creditor and the defendant is entered by the trial court. The motion here should have been denied and the defendant required to respond to the complaint by motion to dismiss or other appropriate pleading, following which a judgment should have been entered.

SMITH, P. J., and TRAPP, J., concur.