49 N.J. Super. 352 (1958)
139 A.2d 805
CALVIN WOOD AND ETHEL ELMA WOOD, HIS WIFE, PLAINTIFFS,
v.
FOOD FAIR STORES, INC., A PENNSYLVANIA CORPORATION, CRYSTAL LAKE SHOPPING CENTER, INC., A PENNSYLVANIA CORPORATION, SIDNEY ELKMAN AND THOMAS GARLICK, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided March 24, 1958.
*353 Mr. Walter S. Keown, attorney for plaintiffs.
Mr. Edward W. Eichmann, attorney for defendant Sidney Elkman.
MARTINO, J.C.C. (temporarily assigned).
The plaintiffs allege that on December 19, 1955 an excavation consisting of the digging of a trench six feet in depth was made along and through a public highway known as Second Avenue in the Township of Haddon, Camden County, New Jersey. Said thoroughfare runs adjacent to and along one side of the real property owned by one of the plaintiffs and perpendicular to Rhoades and Crystal Lake Avenue in said township. The plaintiffs allege that the excavation of the trench was to be used to house sewer and other pipes to accommodate stores being constructed for the defendants Food Fair Stores, Inc. and Crystal Lake Shopping Center, Inc., located on Crystal Lake Avenue. The plaintiffs further contend that the trench or excavation was dug by the use of a "backhoe" or trench digger, which machine is powered by a gasoline engine and moves about on metal treads similar to a bulldozer. The plaintiffs contend that the trench digger or "backhoe" was used in such a negligent manner in the performance of the excavation that the plaintiffs sustained damages to their real and personal property. Suit was instituted by the plaintiffs against Food Fair Stores, Inc. and Crystal Lake Shopping Center, Inc., and since both corporations are authorized to do business in New Jersey, service of process was made upon the registered agent. The defendant Sidney Elkman was the general contractor and a resident of Pennsylvania, and service upon him was made pursuant to N.J.S.A. 39:7-2 and 3(a).
The defendant Sidney Elkman now moves to set aside the service of summons upon him and to dismiss the complaint *354 for the reason that N.J.S.A. 39:7-2 does not justify the type of service effected in this case upon him.
N.J.S.A. 39:7-2(b) of the Motor Vehicle Act provides:
"Any person or persons, not being a resident or residents of this State or any corporation * * * not incorporated under the laws of this State * * * who by * * * their * * * agent * * * shall cause to be driven upon any public highway of this State, any motor vehicle which is not registered in this State * * * shall * * * make and constitute the Director of the Division of Motor Vehicles * * * their * * * agent for the acceptance of process in any civil action * * * arising out of or by reason of any accident or collision occurring within this State in which any such motor vehicle * * * is involved. The operating or causing to be operated of any such motor vehicle within this State shall be the signification of the agreement of such nonresident person operating the same, or of such * * * corporation * * * for whom such motor vehicle is operated * * * of his (or) their * * * agreement that any such process * * * so served shall be of the same legal force and validity as if served * * * personally * * * in accordance with law within this State." (Emphasis added)
It appears to be conceded that the trench digger or "backhoe" was not a vehicle which requires registration and it is undisputed that it does not operate on the highway since the metal treads would make it unfeasible to operate on a public highway without causing damage to any street or highway surface, and it is undisputed that it is moved from job to job on a flattop trailer.
The complaint of the plaintiffs clearly indicates that the damages suffered by the plaintiffs were due to the improper manner in which the excavation was performed and not due to any accident or collision, and nowhere in the complaint is there any intimation that the damages to the plaintiffs occurred on a public highway. There is lacking here "any accident or collision * * * in which any such motor vehicle * * * is involved." Lindsey v. Teddy's Frosted Foods, Inc., 18 N.J. 61, 64-65 (1955).
Plaintiff argues that N.J.S.A. 39:1-1 defines "Motor Vehicle" as including "all vehicles propelled otherwise than by muscular power, excepting such vehicles as run only *355 upon rails or tracks." The same statute defines "vehicles" as "every device in, upon or by which a person or property is or may be transported upon a highway * * *." If we were to assume that the trench digger fits these definitions, nevertheless the facts admitted do not justify the conclusion that it was being "driven upon any public highway of this State."
An order will be entered striking the service of summons on defendant Sidney Elkman.