Harris Trust and Savings Bank, a Banking Corporation, as Executor of the Estate of Moray M. Briskin, Deceased, Plaintiff, v. Briskin Manufacturing Company, a Corporation, and Lester I. Briskin, as Purported Trustee Under a Purported Trust Agreement Alleged to Have Been Executed by Moray M. Briskin, Deceased, Defendants-Appellees, June H. Briskin, as Guardian of the Estate of William H. Briskin, a Minor, Intervening Defendant-Appellant.

**Gen. No. 50,526.**

First District, Fourth Division.

July 14, 1965.

Rehearing denied and opinion modified September 24, 1965.

Ruskin and Rosenbaum, of Chicago, for appellant.

Emanuel Morris, pro se, of Chicago, appellee; Russell J. Topper, of Chicago, for Briskin Manufacturing Company and Lester I. Briskin, appellees.

MR. JUSTICE ENGLISH delivered the opinion of the court as modified on denial of appellant's petition for rehearing and appellee's petition for modification.

In litigation between an executor and an inter vivos trustee over trust assets, June H. Briskin was permitted to intervene in her individual capacity and as Guardian of the Estate of her son, William H. Briskin,

---

13

a minor.* Subsequently, on her own petition and after due notice, Mrs. Briskin, individually, was dismissed as an intervening party defendant. At that same hearing, on the oral motion of defendants and without notice, the court appointed Emanuel Morris guardian ad litem for William Briskin. June Briskin as Guardian objected to that part of the court's order and has taken this appeal therefrom.

We were advised on oral argument by counsel for the defendants that Mrs. Briskin as Guardian has not been excluded from the proceedings in the trial court and that she is expected to continue taking part therein until their termination.

The defendants and the guardian ad litem have moved for dismissal of the appeal on the ground that the order in question is not final and appealable.

■■ The parties have argued the applicability of Section 50(2) of the Civil Practice Act (Ill Rev Stats 1963, c 110, § 50(2)), and its proper interpretation assuming it to be relevant. However, that section applies only to a judgment, order or decree final in character, to which, under certain circumstances, an additional finding must be added to render it "final" for purposes of appeal. We must, therefore, first decide whether or not an order appointing a guardian ad litem falls within the category of a "final order, judgment or decree" regardless of its failure to meet the additional con-

---

* The property concerned is the stock interest of decedent in defendant Briskin Manufacturing Company, which corporation, on request of plaintiff, Executor, refused to transfer the shares to plaintiff or its nominee, and instead transferred them to the defendant trustee.

June Briskin, as widow, and William Briskin, as a beneficiary of the testamentary trust, would share in success on the part of the plaintiff, but would lose if the defendants were to succeed in this litigation, because she and her son are not beneficiaries under the inter vivos trust.

14

ditions of section 50(2). We think it does not. Under this circumstance, even if there were a trial court finding or recital of the "appeal formula" provided by section 50(2), it could not render appealable an order which is not final in its character apart from the special finding. Veach v. Great Atlantic & Pacific Tea Co., 22 Ill App2d 179, 180–183, 159 NE2d 833. See also Cunningham v. Brown, 22 Ill2d 23, 25, 174 NE2d 153.

Under the Illinois constitution as it existed prior to January 1, 1964 the only source of authority for Appellate Court jurisdiction was found in Article VI, Section 11 which gave the General Assembly the power to create such courts and to provide for the prosecution of appeals thereto.

In the exercise of this authority the legislature created Appellate Courts and designated that they should have jurisdiction over appeals from "final judgments, orders or decrees" of the Circuit and certain other courts. Ill Rev Stats 1963, c 37, § 32. The same quoted term was used in the Civil Practice Act provision relating to appeals to the Appellate Courts. Ch 110, § 77(1). The constitutional legislative power was also exercised through other statutory enactments to provide for various types of interlocutory appeals with which we are not here concerned. (Ch 110, §§ 77 and 78; repealed as of January 1, 1964 and superseded by Supreme Court Rules 30 and 31.)

With the amended Article VI, effective January 1, 1964, this court now traces its existence and authority direct to the constitution. Art VI, §§ 6 and 7. Our appellate jurisdiction (with exceptions not here relevant), expressly set forth in section 7, is over "appeals from final judgments of a Circuit Court." The same section also states: "The Supreme Court may provide by rule for appeals to the Appellate Court from other than final judgments of the Circuit Court."

15

Consistent with this constitutional delineation the statute (ch 37, § 32.1, effective January 1, 1964) has been amended to read:

> In all cases, other than those appealable directly to the Supreme Court as provided by Section 5 of Article VI of the Constitution or by rule of the Supreme Court, appeals from final judgments of a circuit court lie as a matter of right to the appellate court. . . .

The Supreme Court has acted under this rule-making power and has authorized appeals from orders granting new trials, and interlocutory appeals concerning injunctions and receivers. Supreme Court Rules 30 and 31.

We return therefore to section 50(2) of the Practice Act and find that despite its use of the term "final order, judgment or decree" we must concern ourselves with determining only whether the appointment of a guardian ad litem is a "final judgment" (again, without giving consideration to the "appeal formula" provided by that section).

We have been referred to no case directly in point and we know of none. The appellant argues that the effect of the order in question is in no sense interlocutory, and that it is collateral in its nature, thus justifying appeal by analogy to cases (decided prior to enactment of section 50(2)) holding orders appealable under other factual situations. She cites: Central Republic Bank & Trust Co. v. Connery, 273 Ill App 433, 443–445 (fixing fees for a receiver and his attorney and directing the payment thereof); Sebree v. Sebree, 293 Ill 228, 233, 127 NE 392 (setting aside a table of heirship and finding that the petitioner was decedent's widow); Wyman v. Hageman, 318 Ill 64, 73, 148 NE 852 (directing restoration of a lost master's deed, such relief not being a final determination of all

16

the issues presented by the pleadings); Roddy v. Armitage-Hamlin Corp., 401 Ill 605, 609, 83 NE2d 308 (determining a separate cause of action in one count of a multiple-count complaint).

We find in these cases no pronouncements controlling the case before us, nor any declarations of principle which persuade us to conclude that the order in question has the character of a final judgment.

A basic definition of such a judgment (prior to section 50(2)) is to be found in Bailey v. Conrad, 271 Ill 294, 295, 111 NE 105 where the court said:

> A final judgment is one that finally disposes of the rights of the parties, either upon the entire controversy or upon some definite and separate branch thereof.

In People v. Holland, 384 Ill 277, 280, 51 NE2d 266, the matter presented was the striking of the appearance of an attorney for one of the litigants. In finding such an order not to be appealable, the court relied on an earlier decision, saying:

> In Almon v. American Car Loading Corporation, 380 Ill 524, it was held that an order striking the name of an attorney was not final and appealable; that a final and reviewable judgment or decree is one which terminates the litigation on the merits of the case and determines the rights of the parties. It was there said: "One of the essential elements of finality of a decree is that if affirmed the only thing remaining to do is to proceed to its execution."

The court also made pertinent comments upon the character of final judgments in a rather extensive discussion of that subject in Brauer Machine & Supply Co. v. Truck Co., 383 Ill 569, 574–577, 50 NE2d 836. At page 574 it stated:

17

To be final and appealable a judgment must terminate the litigation between the parties on the merits of the cause, so that, if affirmed, the trial court has only to proceed with the execution of the judgment.

But the court then went on to say:

The final decision from which an appeal lies does not necessarily mean such decision or decree, only, which finally determines all the issues presented by the pleadings. It may, with equal propriety, refer to the final determination of a collateral matter, distinct from the general subject of the litigation, but which, as between the parties to the particular issue, settles the rights of the parties.

After thus stating the rule, the court concluded:

Here, the order quashing the service of the summons was the determination of a collateral issue, distinct from the general subject matter of the litigation. Such order, however, finally settled that issue, as between the parties to this lawsuit. It disposed of all the rights of the parties to the action, upon a definite and separate branch of the controversy. It ended or concluded the matter as a final judgment. The effect of this order was a final adjudication that appellee was not subject to service of process in accordance with the provisions of the applicable section of the Motor Vehicle Act. . . . While this issue was separate and distinct from the general controversy involved in the case, it was no less decisive. The order of the court quashing the service finally disposed of the case as to appellee. (Page 577.)

Applying even the broadest expression of these principles to the instant case we, nevertheless, reach

18

the conclusion that the order appointing the guardian ad litem does not have the character of a final judgment. It is therefore not appealable, and could not be made so, even were the "appeal formula" of section 50(2) to be added thereto.

The defendants filed a cross-appeal from the part of the court's order dismissing Mrs. Briskin individually as an intervening defendant. Defendants have now moved to dismiss their own cross-appeal as well.

The motions to dismiss the appeal and cross appeal are allowed.

Appeal and cross appeal dismissed.

McCORMICK, P. J. and DRUCKER, J., concur.