(No. 39164.—

RICHARD H. DAVIS, Appellee, *vs.* EARL D. CHILDERS *et al.*, Appellants.

*Opinion filed Sept. 28, 1965.—Rehearing denied Nov. 18, 1965.*

UNDERWOOD, J., took no part.

LIVINGSTON, BARGER, BRANDT, SLATER AND SCHROEDER, of Bloomington, (RALPH SCHROEDER, of counsel,) for appellants.

DENEEN, SULLIVAN AND DENEEN, and COSTIGAN AND WOLLRAB, both of Bloomington, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This case presents a procedural problem calling for a construction of section 50(2) of the Civil Practice Act. Ill. Rev. Stat. 1963, chap. 110, par. 50(2).

The plaintiff, Richard H. Davis, brought this action to recover damages for personal injuries suffered when the rear of his car was struck by another vehicle. This vehicle was owned by the defendants, Earl D. Childers and Hugh Feeney, who are partners, and was being driven by Childers on partnership business. The jury returned a verdict for the defendants. Upon the plaintiff's post-trial motion the trial judge ruled that as a matter of law the plaintiff was entitled to a judgment notwithstanding the verdict of the jury on the issue of liability, and that the cause should be resubmitted to a jury on the issue of damages. He also found that there was "no just reason for delaying appeal until all the claims, rights or liabilities of the parties are decided."

The defendants appealed to the appellate court and that court allowed the plaintiff's motion to dismiss the appeal for want of a final and appealable judgment. We granted leave to appeal.

The defendants contend that the finding of the trial court made its order appealable insofar as it entered judgment notwithstanding the verdict upon the issue of liability, and

that the appellate court erred in dismissing the appeal. We consider only this contention.

Section 50(2) provides: "If multiple parties or multiple claims for relief are involved in an action, the court may enter a final order, judgment or decree as to one or more but fewer than all of the parties or claims only upon an express finding that there is no just reason for delaying enforcement or appeal. In the absence of that finding, any order, judgment or decree which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not terminate the action, is not enforceable or appealable, and is subject to revision at any time before the entry of an order, judgment or decree adjudicating all the claims, rights and liabilities of all the parties." Ill. Rev. Stat. 1963, chap. 110, par. 50(2).

In our opinion the appellate court properly dismissed the appeal. The plain language of the statute limits its application to those actions which involve "multiple parties or multiple claims for relief." While there are two defendants in this case, neither the existence of the partnership nor the fact that the defendants' vehicle was being driven on partnership business was disputed, and the plaintiff does not contend that multiple parties are involved within the meaning of the statute. So far as appealability is concerned, the case therefore stands as an ordinary claim for damages for personal injuries, brought by a single plaintiff against a single defendant. Such a case does not constitute an action involving multiple claims. No more than a single claim is involved, and the statute does not authorize a piecemeal appeal in such a case.

The defendants' argument to the contrary rests upon the fact that in its explanatory comments the committee which drafted the provision used the phrase "fewer than all the matters involved" as a shorthand substitute for the statutory phrase, "fewer than all the claims or the rights and liabilities of fewer than all the parties." The committee also enumer-

ated as one of the advantages of the section that "it avoids unnecessary appeals yet permits an appeal to be taken before final disposition of the case where the court considers an immediate appeal to be appropriate." (Smith-Hurd Ill. Ann. Stat., chap. 110, par. 50, Joint Committee Comments.) The opinion of this court in *Ariola* v. *Nigro,* 13 Ill.2d 200, 203, repeated these comments of the committee. Because both liability and damages were controverted in the present case, the defendants argue that the disposition of one of these "matters" was made appealable by the finding of the trial judge that there is no just reason for delaying enforcement or appeal.

But this argument disregards the fact that section 50(2) applies only "[I]f multiple parties or multiple claims for relief are involved." That the section was not designed to stimulate appeals from orders that dispose of less than all of the issues in an action involving a single claim is entirely clear from the full text of the committee comment, as well as from the opinions of this court in *Ariola* and in the companion case of *Hanley* v. *Hanley,* 13 Ill.2d 209. In discussing Rule 54(b) of the Federal Rules of Civil Procedure, from which section 50(2) of the Civil Practice Act was adapted, this court said in *Ariola*: "In its most recent pronouncements, found in *Sears, Roebuck & Co.* v. *Mackey,* 351 U.S. 427, 100 L. ed. 1297, and *Cold Metal Process Co.* v. *United Engineering & Foundry Co.* 351 U.S. 445, 100 L. ed. 1311, the United States Supreme Court has made it clear that the Federal rule does not apply to a single-claim action nor to a multiple-claims action in which all of the claims have been decided, and have stated that the rule is expressly limited to multiple-claims actions in which one or more but less than all of the multiple claims have been finally decided and found otherwise to be ready for appeal. Unquestionably it was the intention that section 50(2) should be similarly limited and we hold that it is." 13 Ill.2d at 204.

Where only a single claim is involved a trial court can

not confer appellate jurisdiction by a finding that there is no just reason for delaying enforcement or appeal. (*Cunningham* v. *Brown*, 22 Ill.2d 23, 25.) Nor is it significant that if, in the present case, the verdict of the jury had been in favor of the plaintiff, a judgment notwithstanding the verdict would have been appealable. The difference in appealability between a judgment notwithstanding a verdict in favor of a plaintiff, and a similar judgment in favor of a defendant, is a product of the settled doctrine which, except in specified instances, permits appeals from final judgments only. *Cf. Olson* v. *Chicago Transit Authority*, 1 Ill.2d 83.

The order of the appellate court dismissing the appeal was correct, and it is affirmed.

*Order affirmed.*

Mr. JUSTICE UNDERWOOD took no part in the consideration or decision of this case.