In the Matter of the Estate of August Querciagrossa, Deceased.
Mary Querciagrossa, Respondent-Appellant, v. Arthur B. Querciagrossa, Executor, Petitioner-Appellee.

Gen. No. 65–42.

Third District.

December 22, 1965.

Pool and Langer, and Peter F. Ferracuti, all of Ottawa, for appellant.

Perona and Perona, of Spring Valley, for appellee.

CORYN, J.

August Querciagrossa died on November 26, 1964. Shortly thereafter, Arthur B. Querciagrossa, his son, filed a Petition for Probate of Will In the Matter of the

Estate of August Querciagrossa in the Circuit Court of Putnam County, Probate Division, which petition alleged, inter alia, that the decedent was a resident of Putnam County at the time of his death. Mary Querciagrossa, widow of decedent, then filed a special and limited appearance in said court requesting that said Petition to Probate the Will of August Querciagrossa be quashed for the reason that the decedent was not a resident of Putnam County at the time of his death, but rather a resident of LaSalle County, and that therefore the venue was improper. The trial court treated this motion as a motion to transfer the probate of said estate from Putnam County to LaSalle County. After a hearing, at which considerable evidence was adduced, the Circuit Court of Putnam County, Probate Division, denied said motion of Mary Querciagrossa, ruling in effect, that the decedent was a resident of Putnam County at the time of his death, and that Putnam County was the proper venue for the probate and administration of his estate. From this ruling Mary Querciagrossa appeals, her principal argument being that said order was contrary to the manifest weight of the evidence. The appellee, Arthur B. Querciagrossa, has moved the court to dismiss this appeal on the ground that said order is not a final order, judgment or decree, and therefore not appealable:

Article VI, § 7, Constitution of Illinois 1870, provides as follows:

> "In all cases, other than those appealable directly to the Supreme Court, appeals from final judgments of a Circuit Court lie as a matter of right to the Appellate Court in the district in which the Circuit Court is located. . . . The Supreme Court may provide by rule for appeals to the Appellate Court from other than final judgment of the Circuit Court. . . ."

281

Supreme Court Rule 31 provides as follows:

> "An appeal may be taken to the Appellate Court from an interlocutory order or decree granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction, or appointing or refusing to appoint a receiver, or giving or refusing to give other or further powers or property to a receiver already appointed, or placing or refusing to place a mortgagee in possession of mortgaged premises. . . ."

■■ Illinois courts of review have consistently held that there shall be no appeal from an order, judgment or decree that does not finally determine the rights of the parties to the suit, unless the Supreme Court has otherwise provided by its rules for an appeal from an interlocutory order. In the Village of Niles v. Szczesny, 13 Ill2d 45, at p 47, 147 NE2d 371, it is stated:

> ". . . Appellate Courts, subject to statutory exceptions, are without jurisdiction to review judgments, orders, or decrees which are not final. The right of appeal is purely statutory (now constitutional) and may be exercised only within the limits prescribed by legislative grant. It is not contended that statutory exceptions which allow appeals from interlocutory orders are applicable here.

> "To be final and appealable, a judgment or order must terminate the litigation between the parties on the merits of the cause, so that, if affirmed, the trial court has only to proceed with the execution of the judgment. While the order need not dispose of all the issues presented by the pleadings, it must be final in the sense that it disposes of the rights of the parties, either upon the entire controversy or upon some definite and separate part thereof. While this court has never decided whether an order

transferring a cause from one court to another is appealable, other jurisdictions, where finality is required, have uniformly held that such an order is not final and appealable.

"The order of transfer in the instant case did not dispose of the rights of the parties either upon the entire controversy or upon some definite and separate part of the litigation. It was not a final order and the Appellate Court was without jurisdiction to entertain the appeal. . . ." (Citations contained within this quotation have been omitted.)

4 Am Jur2d 604, Appeal and Error, § 89, states:

"In the absence of statutory authority otherwise, the view has usually been taken that an order granting or refusing a change of venue is not directly appealable, being interlocutory merely and not a final decision. . . ."

■ The Supreme Court of this state has indicated that the section under consideration providing for a place of administration (Ill Rev Stats 1963, c 3, § 54) is a venue provision and is not one of jurisdiction (In re Estate of Willavize, 21 Ill2d 40, at p 43, 171 NE2d 21). The contention here is that the venue was improper.

In McCowan v. Ellis, 323 Ill App 291, 55 NE2d 554, the sole issue on appeal was whether the order denying appellant's motion for change of venue was appealable. In that case the court ruled that said order denying the change of venue was interlocutory; that it was not one of those interlocutory orders specifically made appealable by statute or Supreme Court rule; and therefore the appeal must be dismissed.

■ In the instant case, the order denying the appellant's motion to transfer the probate and administration of the estate of August Querciagrossa is not a final

283

order, but is interlocutory in character, and since Supreme Court Rule 31 does not authorize an appeal therefrom, this appeal will be dismissed.

Appeal dismissed.

ALLOY, P. J. and STOUDER, J., concur.