*In re* ESTATE OF GEORGE J. KIRK, Deceased.—(THOMAS O. FLACK, Appellant, *v.* EDNA KIRK, Executor, Appellee.)

(No. 55991;

First District—December 17, 1971.

Thomas O. Flack, *pro se,* of Chicago, for appellant.

Schein, Askounis, Stavings & Wald, of Chicago, (Kalman Schein, of counsel,) for appellee.

Mr. PRESIDING JUSTICE ENGLISH delivered the opinion of the court:

The executor, by motion to dismiss, has raised the point that the order from which this appeal has been sought is not appealable, and that we are therefore without jurisdiction to proceed. No brief or answering suggestions have been filed by appellant.

In the Probate Division of the Circuit Court, appellant filed a petition seeking $1256 in legal fees from the executor who had retained him at the time of decedent's death, but subsequently changed counsel. In support of the claim, appellant attached a statement which itemized the services performed, as a basis for requesting total fees of $2256, against which there had been a payment of $1000 on account.

After hearing, the court found that a substantial portion of the services in question had no bearing on estate matters, and, while the petition, or claim, was allowed, it was reduced in amount to $450 for services and $76 for reimbursement of costs, or a total of $526. The same order, which was entered on September 1, 1970, ordered appellant to repay to the executor, within five days, the sum of $474, representing the balance of the previous $1000 payment on account. This order was appealable. But it was not appealed, and the time for doing so has long since expired. Ill. Rev. Stat. 1969 and 1970, ch. 110A, pars. 301 and 303. See also Ill. Rev. Stat. 1969, ch. 3, par. 329.

Almost a year later, a hearing was held on a rule to show cause why appellant should not be held in contempt for having failed to comply with the order to pay the $474 to the executor. At the conclusion of that hearing, the court entered an order on February 17, 1971, which imposed no contempt penalty; in fact, the order made no finding of contempt, but simply gave appellant 15 days within which to make full payment under the order of September, 1970. It is from this order that appellant seeks to appeal, but it is not appealable, and we are therefore without jurisdiction to proceed. Our authority stems from Article VI, Section 6 of the 1970 Illinois Constitution, and our right to review depends (so far as is relevant to this case) upon the entry of a "final judgment" by the Circuit Court. Essentially the same jurisdictional provision was contained in Article VI, Section 7 of the 1870 Constitution, as amended effectively January 1, 1964. (See *Harris Trust & Sav. Bank v. Briskin Mfg. Co.,* 63

Ill.App.2d 12; *In re Estate of Atwood,* 77 Ill.App.2d 102.) Even if appellant had been found guilty of contempt, the order would not have been appealable in the absence of a provision imposing a penalty therefor. *County of Cook v. Triangle Sign Co., Inc.,* 40 Ill.App.2d 202, 210.

This appeal must therefore be dismissed.

Appeal dismissed.

DRUCKER and LORENZ, JJ., concur.