In re Estate of Eugene E. Barton.—(Ethel M. Barton, Adm'r to Collect of the Estate of Eugene Barton, Deceased, Appellant, v. Raymond Langen, Ex'r of the Will of Eugene E. Barton, Deceased, Objector-Appellee.)

(No. 59552; ▮▮▮▮▮▮▮▮▮)

First District (4th Division)—April 23, 1975.

Thomas F. Pierce, of Chicago, for appellant.

Etta J. Cole, of Chicago, for appellee.

Mr. JUSTICE BURMAN delivered the opinion of the court:

This is an appeal from an order of the probate division of the circuit court sustaining objections to the final account of Ethel M. Barton, administrator to collect of the estate of Eugene Barton, deceased.

Eugene Barton died testate on June 9, 1972. His will dated April 12, 1957, named his first wife, Gwendolyn "Bunny" Barton as executrix, and in the event she predeceased him appointed Raymond O. Langen, his brother-in-law, in her place and stead. In December, 1967, his wife predeceased him. He remarried in June of 1969, and his second wife, Ethel M. Barton, subsequently was declared to be his widow and only

heir at law. Upon petitioning the court for letters of administration to collect, the same were issued to Ethel M. Barton on July 5, 1972. On April 25, 1973, she renounced the will.

Ethel M. Barton filed a final account as administrator to collect on July 10, 1973, showing disbursements of $5,000 for her statutory Widow's Award, $250 for her fee as administrator to collect and $750 for her attorney's fees. Immediately thereafter, Raymond O. Langen, executor, filed an objection to the final account stating that the widow's award had not been approved and was therefore premature, that the fees for her as administrator and for her attorney were premature and excessive, and that certain bonds held by her and belonging to Gerald Barton should be transferred instanter to the executor. On July 10, 1973, the court entered an order in which it was held that the objection to the widow's award was well founded as being premature and that the fees enumerated were excessive. The court further ordered the administrator to collect to turn over bonds belonging to Gerald Barton to the executor and to transfer all assets to the executor. Ethel M. Barton appeals from the issuance of this order.

In her brief appellant stresses several instances wherein the executor has breached his statutory duty and fiduciary responsibility to her, and argues that under such circumstances, she should not be forced to rely upon the executor for her statutory widow's award. She further points out that under section 202 of the Probate Act, the widow's award is second in priority only to funeral expenses and expenses of the administration of the estate. (Ill. Rev. Stat. 1971, ch. 3, par. 202.) Accordingly, she argues that since the funeral expenses have been paid, and since there have been no expenses of administration other than those she personally incurred as administrator to collect, her statutory minimum widow's award of $5,000 cannot be defeated legally. Finally, appellant urges that the fees as shown in her final account are not subject to arbitrary disallowance, that the matter is one governed by statute, and that the instant fees conform to the statutory requirements.

The appellee, executor, contends that the order of July 10, 1973, from which appellant appeals is not a final order as required by Supreme Court Rule 301. The Rule provides in relevant part:

"Every final judgment of a circuit court in a civil case is appealable as of right. The appeal is initiated by filing a notice of appeal. No other step is jurisdictional * * *." (Ill. Rev. Stat. 1971, ch. 110A, par. 301.)

We are in accord with the executor that the order appealed from does not adjudicate any rights between the parties, and the appeal therefore is premature.

To be final and appealable, an order must terminate the litigation between the parties on the merits of the controversy. (*In re Estate of Querciagrossa*, 65 Ill.App.2d 280, 213 N.E.2d 13.) Clearly, the order in the case at bar is not final. The court neither allowed nor disallowed appellant's request for a widow's award, and we emphasize that she remains free to pursue her claim. The court merely held that her request was premature and that she must follow the usual court procedure as established by statute to secure her rights. We note further that although the court held the requested fees to be excessive, there was no final order fixing the amount. The matter of assessing fees rests within the sound discretion of the court, and in the case at bar the judge properly determined that such an exercise of authority was not possible without the filing of a proper petition. (See, *e.g.*, *In re Estate of Klappa*, 18 Ill. App.2d 501, 152 N.E.2d 754.) An order sustaining or overruling objections to a final account which contemplates future judicial action or discretion is not final. *In re Estate of Moses*, 13 Ill.App.3d 137, 300 N.E.2d 473.

Appeal dismissed.

ADESKO and JOHNSON, JJ., concurring.