MEXICALI CLUB, INC., Plaintiff-Appellee, *v.* ILLINOIS LIQUOR CONTROL COMMISSION *et al.*, Defendants-Appellants.

First District (3rd Division)   No. 62190

Opinion filed April 1, 1976.

James M. P. D'Amico, Corporation Counsel, of Joliet, for appellants.

Joseph B. Gilbert, of Chicago, for appellee.

Mr. PRESIDING JUSTICE MEJDA delivered the opinion of the court: This is an appeal by defendant Maurice Berlinsky, Mayor and Local Liquor Control Commissioner of the City of Joliet, Illinois (Local Commissioner), from an order of the circuit court of Cook County which denied his motion to dismiss, or in the alternative, to transfer the administrative review action commenced by plaintiff, Mexicali Club, Inc. Defendant Illinois Liquor Control Commission did not join in the motion. The sole contention raised by the Local Commissioner upon appeal is that the trial court erred in finding proper venue in the circuit court of Cook

County. The merits of the contention will not be reached since the order is not appealable. We therefore dismiss the appeal.

Plaintiff's local liquor license was suspended and revoked by the Local Commissioner. On appeal to the Illinois Liquor Control Commission, the decision was affirmed. Plaintiff then filed a complaint for administrative review in the circuit court pursuant to section 8b of Article VII of the Illinois Liquor Control Act (Ill. Rev. Stat. 1973, ch. 43, par. 154a). On May 9, 1975, the Local Commissioner moved that the trial court dismiss plaintiff's complaint, or in the alternative, transfer the cause to the circuit court of Will County allegedly the only proper venue for the action. On that day the trial court granted plaintiff's motion to enjoin enforcement of the suspension and revocation order during the pendency of the administrative review. The trial court, however, took no action on the Local Commissioner's motion. The Local Commissioner filed a second motion to dismiss or alternatively, to transfer the cause. In a written order, dated June 6, 1975, the trial court denied the Local Commissioner's second motion and also expressly found that there was "no just cause to delay the immediate execution of this order or appeal therefrom." The present appeal was then instituted with the filing of the Local Commissioner's notice of appeal which states in pertinent part:

"PLEASE TAKE NOTICE that the within cause is hereby appealed to the Appellate Court of Illinois, First District, from the Order entered by the Honorable Edward F. Healy entered June 6, 1975, denying the Motion of Appellants, Local Liquor Control Commissioner of Joliet, and Maurice Berlinsky, Mayor of Joliet, to dismiss this cause or in the alternative to transfer it to the Circuit Court of Will County, the effect of which Order was to allow the Court's Injunction entered May 9, 1975, to stand.

This Appeal is taken pursuant to Illinois Revised Statutes Chapter 110A, Section 307.

The relief sought in the Appellate Court, First District, is to reverse the Trial Court's Order of May 6, 1975, to Dismiss this cause or in the alternative to remand it to the Circuit Court of Cook County with instructions that it be transferred to the Circuit Court of Will County for further proceedings and to dissolve the Injunction against the Local Liquor Control Commissioner of the City of Joliet entered May 9, 1975."

■■ In the instant case, the notice of appeal states that it is brought pursuant to Supreme Court Rule 307 (Ill. Rev. Stat. 1973, ch. 110A, par. 307). Subsection (a) of the rule provides for appeals from certain specified interlocutory orders, including orders granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction. Although a portion of the relief sought is the dissolution of the injunction

entered by the trial court on May 9, 1975, the notice of appeal expressly states that the appeal is taken from the order entered by the trial court on June 6, 1975, which denied the Local Commissioner's second motion to dismiss or transfer the cause. The provisions of Supreme Court Rule 307(a) are therefore inapplicable.

■■ Before a judgment or order is considered final it must dispose of or terminate the litigation or some definite part of it on the merits of the case. (*Village of Niles v. Szczesny* (1958), 13 Ill. 2d 45, 147 N.E.2d 371.) From this the general rule follows that only final judgments or orders are appealable unless the particular judgment or order comes within one of the specified exceptions set forth by Supreme Court Rule. (*Joliet Federal Savings & Loan Association v. O'Hare International Bank* (1973), 12 Ill. App. 3d 1012, 299 N.E.2d 350.) The denial of a motion for a change of venue is not a final order, nor does any Supreme Court Rule authorize an appeal from an interlocutory order of such nature. *Stark v. Roussey & Associates, Inc.* (1970), 131 Ill. App. 2d 379, 266 N.E.2d 439; *In re Estate of Querciagrossa* (1965), 65 Ill. App. 2d 280, 213 N.E.2d 13.

■■ In the order of June 6, 1975, the trial court made the express finding that there was "no just reason to delay the immediate execution of this order or appeal therefrom." Supreme Court Rule 304 (Ill. Rev. Stat. 1973, ch. 110A, par. 304) allows an appeal from a final judgment or order as to one or more but fewer than all of the parties or claims in cases involving multiple parties or claims, provided the trial court makes an express finding that there is no just reason to delay enforcement or appeal. However, the rule cannot operate to aid the present appeal. Although an order may contain a recital by the trial court that there is no just reason for delaying enforcement or appeal, it still may not be appealed unless the order itself is in the nature of a final order. (*Martino v. Barra* (1967), 37 Ill. 2d 588, 229 N.E.2d 545; *E.M.S. Co. v. Brandt* (1968), 103 Ill. App. 2d 445, 243 N.E.2d 695.) Here, the appeal is specifically taken from the order of the trial court denying the motion to dismiss or transfer the cause on the basis of improper venue. The order is not in the nature of a final order on the merits as to one or more but fewer than all of the parties or claims. *Stark v. Roussey.*

For the foregoing reasons, the appeal is dismissed.

Appeal dismissed.

McNAMARA and McGLOON, JJ., concur.