FLORENCE COBLE, Adm'x of the Estate of John Robert Coble, Deceased, Plaintiff-Appellee, *v.* CHICAGO HEALTH CLUB, INC., Defendant-Appellant.

First District (4th Division) No. 76-694

Opinion filed October 13, 1977.

McKenna, Storer, Rowe, White & Farrug, of Chicago (Robert S. Soderstrom and Robin J. Omahana, of counsel), for appellant.

Eugene I. Pavalon and Stephen J. McMullen, both of Asher, Greenfield, Goodstein, Pavalon & Segall, Ltd., of Chicago (Richard F. Gallagher and Russell H. Petrak, of counsel), for appellee.

Mr. JUSTICE ROMITI delivered the opinion of the court:

The defendant in this case appeals from an order denying its motion to dismiss the plaintiff's complaint in a wrongful death action on the grounds that action was barred by an exculpatory clause. We dismiss the appeal since there was no final order.

The defendant in this case operates a series of health clubs. Each has a swimming pool. When a person buys a membership in the health Club, he signs a retail installment contract, which contains, tucked in between other clauses, an extremely broad exculpatory clause. Plaintiff's decedent, a member of the club for several years, drowned in one of the pools. The plaintiff brought suit alleging violation of certain city ordinances. The defendant moved to dismiss the case on the ground that the exculpatory clause in the retail installment contract barred all recovery. The court, deciding the defendant's motion on the merits, denied the motion. It also found, pursuant to Supreme Court Rule 304 (Ill. Rev. Stat. 1975, ch. 110A, par. 304), that there was no just reason to delay enforcement or appeal from the order.

## I.

■■■ The mere fact a judge says an order is appealable does not make it appealable. Where an order is not appealable, a trial court cannot confer appellate jurisdiction by a finding that there is no just reason for delaying enforcement or appeal. (*Davis v. Childers* (1965), 33 Ill. 2d 297, 211 N.E.2d 364; *Mexicali Club, Inc. v. Illinois Liquor Control Com.* (1976), 37 Ill. App. 3d 797, 347 N.E.2d 190; *Veach v. Great Atlantic & Pacific Tea Co.* (1959), 22 Ill. App. 179, 159 N.E.2d 833.) And an order is only appealable if it is final. (*Mexicali Club, Inc. v. Illinois Liquor Control Com.* (1976), 37 Ill. App. 3d 797, 347 N.E.2d 190; *Berg v. City of Chicago* (1968), 97 Ill. App. 2d 410, 240 N.E.2d 344, *appeal denied*, 39 Ill. 2d 627; *Harris Trust & Savings Bank v. Briskin Manufacturing Co.* (1965), 63 Ill. App. 2d 12, 211 N.E.2d 32.) "A final judgment is one that finally disposes of the rights of the parties, either upon the entire controversy or upon some definite and separate branch thereof." (*Bailey v. Conrad* (1915), 271 Ill. 294, 295, 111 N.E. 105, 106; *Harris Trust and Savings Bank v. Briskin Manufacturing Co.* (1965), 63 Ill. App. 2d 12, 17, 211 N.E.2d 32, 35.) "To be final and appealable a judgment order must terminate the litigation between the parties on the merits of the cause, so that, if affirmed, the trial court has only to proceed with the execution of the judgment." (*Brauer Machine & Supply Co. v. Parkhill Truck Co.* (1943), 383 Ill. 569, 574, 50 N.E.2d 836, 840; *Village of Niles v. Szczesny* (1958), 13 Ill. 2d 45, 48, 147 N.E.2d 371, 372; *Harris Trust & Savings Bank v. Briskin Manufacturing*

*Co.* (1965), 63 Ill. App. 2d 12, 18, 211 N.E.2d 32, 35; *Nogacz v. Procter & Gamble Manufacturing Co.* (1976), 37 Ill. App. 3d 636, 652, 347 N.E.2d 112, 124.) Accordingly, it is well recognized in this State that the denial of a defendant's motion to dismiss the complaint is not a final and appealable order. *Berg v. City of Chicago* (1968), 97 Ill. App. 2d 410, 240 N.E.2d 344, *appeal denied,* 39 Ill. 2d 627; *In re Estate of Breault* (1969), 113 Ill. App. 2d 356, 251 N.E.2d 910; *Mexicali Club, Inc. v. Illinois Liquor Control Com.* (1976), 37 Ill. App. 3d 797, 347 N.E.2d 190.

## II.

■■■ The defendant, however, contends that the trial court in ruling on the merits of the defense, whatever that means in the context of this litigation, decided a separate part of the litigation and that this decision is therefore appealable since the judge entered his finding that there was no just reason to delay appeal. Rule 304 provides in pertinent part: "If *multiple parties* or *multiple claims* for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. * * *" (Ill. Rev. Stat. 1975, ch. 110A, par. 304). (Emphasis added.) It seems clear that the rule is only intended to apply where multiple claims or parties are involved and it is not designed to permit appeals from orders that dispose of less than all the issues in an action involving a single party and a single claim. (*Davis v. Childers* (1965), 33 Ill. 2d 297, 211 N.E.2d 364; *Veach v. Great Atlantic & Pacific Tea Co.* (1959), 22 Ill. App. 2d 179, 159 N.E.2d 833.) Thus it has been held that a defendant may not appeal from an adverse determination of liability where the issue of damages has yet to be determined despite the trial court's entry of a finding under Rule 304. (*Davis v. Childers* (1965), 33 Ill. 2d 297, 211 N.E.2d 364; *Nogacz v. Proctor & Gamble Manufacturing Co.* (1976), 37 Ill. App. 3d 636, 347 N.E.2d 112.) We also note that the Federal courts in construing Rule 54(b) of the Federal Rules of Civil Procedure, upon which our Supreme Court Rule 304 is modeled, have reached similar results in *Libbey-Owens-Ford Glass Co. v. Sylvania Industrial Corp.* (2d Cir. 1946), 154 F.2d 814, *cert. denied,* (1946), 328 U.S. 859, 90 L. Ed. 1630, 66 S. Ct. 1352, (order striking unclean hands defense not appealable); *Flynn & Emrich Co. v. Greenwood* (4th Cir. 1957), 242 F.2d 737, *cert. denied* (1957), 353 U.S. 976, 1 L. Ed. 2d 1137, 77 S. Ct. 1060; (adjudication estoppel not a defense not appealable); and *Smith v. Benedict* (7th Cir. 1960), 279 F.2d 211. Accordingly, even if the trial

court's actions could be construed as a partial determination of the defendant's liability, the order is not final and appealable.

For the reasons stated, the appeal is dismissed.

Dismissed.

JOHNSON and LINN, JJ., concur.