JACK W. SAVAGE, Plaintiff-Appellee, v. DAVID SCHOENSTADT, Defendant-Appellant.—(RANDOLPH SEED, Defendant.)

First District (4th Division)   No. 77-665

Opinion filed January 11, 1979.

Laser, Schostok, Kolman & Frank, of Chicago (Martin I. Becker, of counsel), for appellant.

Joel J. Bellows and Charles B. Bernstein, both of Bellows & Associates, of Chicago, for appellee.

Mr. JUSTICE LINN delivered the opinion of the court:

This appeal is taken by defendant, David Schoenstadt, from an order of the circuit court of Cook County granting defendant nine days within which to file an answer to the complaint of plaintiff, Jack W. Savage, but denying defendant's request for an extension of time within which to otherwise plead to the complaint. Defendant also appeals from a subsequent order denying defendant's motion to strike and dismiss the complaint but again allowing defendant nine days to answer the complaint. We dismiss the appeal since no final or appealable order was entered by the trial court.

Plaintiff filed this action against defendant charging defendant with maliciously prosecuting a cross-complaint against him as part of a California lawsuit. Plaintiff also named Randolph Seed as a co-defendant in this action for Seed's alleged participation in a separate but related legal proceeding.

As the result of delays not relevant to this appeal, a default judgment was entered against defendant on November 22, 1976. This order was subsequently vacated on December 21, 1976, and defendant was granted 20 days within which to answer or otherwise plead to the complaint. A second request for an extension of time was also allowed.

On January 18, 1977, the trial court granted co-defendant Seed's motion to dismiss the counts of plaintiff's complaint relating to him. Defendant then requested an additional extension of time within which to answer or otherwise plead to the complaint. On February 9, 1977, after hearing defendant's motion for an additional 14-day extension of time, the trial court allowed defendant nine days within which to answer but denied defendant an extension of time within which to otherwise plead to the complaint.

On February 16, 1977, defendant presented a motion to strike and dismiss the complaint. Based on the February 9, 1977, order, the trial court denied defendant's motion to strike and dismiss without determining the merits of the motion. The February 16, 1977, order denying defendant's motion to strike and dismiss stated that defendant had nine days within which to answer the complaint and that there was no just reason to delay enforcement or appeal of the order.

· OPINION

■■ In order for this court to have jurisdiction the order of the circuit court from which an appeal is taken must be a final order. (Ill. Rev. Stat. 1977, ch. 110A, par. 301.) A final order must dispose of the rights of the parties upon the entire controversy or some definite part thereof. (*Brauer Machine & Supply Co. v. Parkhill Truck Co.* (1943), 383 Ill. 569, 50 N.E.2d 836; *Irvin v. Poe* (1974), 18 Ill. App. 3d 555, 310 N.E.2d 32.) The order appealed from must terminate the litigation between the parties so that, if affirmed, the trial court has only to proceed with the execution of the judgment. *Almon v. American Carloading Corp.* (1942), 380 Ill. 524, 44 N.E.2d 592; *Maple Investment & Development Corp. v. Skore* (1976), 38 Ill. App. 3d 654, 348 N.E.2d 498.

■■ To determine the finality of an order we must look to the substance rather than the form of the order. (*Oak Brook Bank v. Citation Cycle Co.* (1977), 45 Ill. App. 3d 1053, 360 N.E.2d 458.) Where an order is not appealable, the trial court cannot confer appellate jurisdiction by a finding that there is no just reason for delaying enforcement or appeal. *Coble v. Chicago Health Club, Inc.* (1977), 53 Ill. App. 3d 1019, 369 N.E.2d 188; *Mexicali Club, Inc. v. Illinois Liquor Control Com.* (1976), 37 Ill. App. 3d 797, 347 N.E.2d 190.

■■ The denial of a motion to strike or dismiss is merely an interlocutory order which does not finally dispose of the proceedings so as to give this court jurisdiction on appeal. (*Coble v. Chicago Health Club, Inc.* (1977), 53 Ill. App. 3d 1019, 369 N.E.2d 188; *George F. Mueller & Sons, Inc. v. Daly* (1970), 124 Ill. App. 2d 265, 260 N.E.2d 319.) Unless specific authority to review such orders is conferred by statute or rule, the appellate court is without jurisdiction to consider them. *People v. Miller* (1966), 35 Ill. 2d 62, 219 N.E.2d 475.

After examining the two orders appealed from, we find that neither falls within any of the exceptions to the finality rule contained in Supreme Court Rules 306 through 308. (Ill. Rev. Stat. 1977, ch. 110A, pars. 306 through 308.) Although the trial court included a finding in the February 17, 1977, order that there was no just reason to delay appeal, that order is not "a final judgment as to one or more but fewer than all of the parties or

claims" as encompassed by Supreme Court Rule 304. Ill. Rev. Stat. 1977, ch. 110A, par. 304.

■ Neither the February 9, 1977, order denying defendant's request for an extension of time within which to otherwise plead nor the February 17, 1977, order denying defendant's motion to strike and dismiss terminated the litigation between the parties on the merits, nor did it settle the rights of the parties in any respect. Consequently, the orders appealed from are not final and appealable.

For the reasons stated, the appeal is dismissed for want of a final order.

Appeal dismissed.

JOHNSON, P. J., and ROMITI, J., concur.