CARRIE ANN GUTENKAUF, a Minor, by Lorraine Gutenkauf, her Mother and Next Friend, Plaintiff-Appellant, *v.* JOHN GUTENKAUF *et al.*, Defendants-Appellees.

First District (1st Division)   No. 78-117

Opinion filed March 19, 1979.

Serpico, Novelle, Dvorak & Navigato, Ltd., of Chicago (John E. Navigato and Stephen C. Debboli, of counsel), for appellant.

Pretzel, Stouffer, Nolan & Rooney, Chartered, of Chicago (Robert Marc Chemers and Joseph B. Lederleitner, of counsel), for appellees.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This appeal is taken by the plaintiff, Carrie Ann Gutenkauf, a minor, by her mother and next friend, Lorraine Gutenkauf, from an order of the circuit court of Cook County granting the defendant's motion to dismiss the cause of action as to him and allowing the plaintiff 28 days in which to file an amended complaint. While it was not brought to this court's attention by the parties, we note that we lack jurisdiction to hear this appeal because no final and appealable order was entered by the trial court. For this reason the merits of this appeal will not be considered and the appeal is dismissed.

The plaintiff filed this action in tort against her father on December 1, 1976, for injuries sustained as a result of his alleged negligence in the operation of a motor boat and the supervision of the plaintiff's two-year-old brother. The defendant filed a motion to dismiss the cause of action on July 13, 1977, claiming that the doctrine of parental immunity, barring the cause of action of a child against a parent based on negligence, was applicable in the instant case. The court sustained said motion and entered an order dismissing said cause of action and granted plaintiff 28

days to file an amended count I on any theory except ordinary negligence. The order further stated that "there is no just reason to delay enforcement or appeal of this order."

■■ For this court to have jurisdiction the order of the circuit court from which the appeal is taken must be a final order unless it comes within one of the exceptions set forth by Supreme Court Rules 306 through 308. (*Joliet Federal Savings & Loan Association v. O'Hare International Bank* (1973), 12 Ill. App. 3d 1012, 299 N.E.2d 350; *Felton v. Shead* (1972), 6 Ill. App. 3d 123, 285 N.E.2d 162.) The order appealed from must finally fix, determine and dispose of the parties rights regarding issues in the suit so that, if affirmed, the trial court has only to proceed with the execution of judgment. (*Village of Niles v. Szczesny* (1958), 13 Ill. 2d 45, 147 N.E.2d 371; *Maple Investment & Development Corp. v. Shore* (1976), 38 Ill. App. 3d 654, 348 N.E.2d 498; *Schwind v. Mattson* (1974), 17 Ill. App. 3d 182, 307 N.E.2d 673.) An order of the court which leaves a cause still pending and undecided is not a final order. *La Vida, Inc. v. Robbins* (1961), 33 Ill. App. 2d 243, 178 N.E.2d 412.

To determine the finality of an order we must examine the substance as opposed to the form of that order. (*Oak Brook Bank v. Citation Cycle Co.* (1977), 45 Ill. App. 3d 1053, 360 N.E.2d 458; *Browning v. Heritage Insurance Co.* (1974), 20 Ill. App. 3d 622, 314 N.E.2d 1.) Where an order is not appealable the trial court cannot confer appellate jurisdiction by stating in such order that there is no just reason for delaying enforcement or appeal. *Savage v. Schoenstadt* (1979), 68 Ill. App. 3d 552, 386 N.E.2d 339; *Coble v. Chicago Health Club, Inc.* (1977), 53 Ill. App. 3d 1019, 369 N.E.2d 188; *Mexicali Club, Inc. v. Illinois Liquor Control Com.* (1976), 37 Ill. App. 3d 797, 347 N.E.2d 190.

■■ Under section 46(1) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 46(1)) the trial court may allow amendments to the pleadings at any time before final judgment on just and reasonable terms as to the court may appear proper. Consequently, trial court orders dismissing the complaint but allowing leave to file an amended complaint are not final and appealable. *Stutzke v. Edwards* (1978), 58 Ill. App. 3d 832, 374 N.E.2d 1071; *Gray v. Starkey* (1976), 41 Ill. App. 3d 555, 353 N.E.2d 703.

■ After examining the order appealed from we find that it does not fall within any exception to the finality rule encompassed by Supreme Court Rules 306 through 308. The trial court judge's finding in his October 11, 1977, order that "there is no just reason to delay enforcement or appeal of this order" does not automatically confer jurisdiction on this court. Since this order permitted the plaintiff leave to file an amended complaint it did not terminate the litigation between the parties and is, therefore, not a final judgment.

874

Accordingly, we are without jurisdiction to dispose of the matter on its merits and the appeal is dismissed.

Appeal dismissed.

GOLDBERG, P. J., and McGLOON, J., concur.